IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTINE HAMBURG,

          Plaintiff,

    v.

D.H.S. E. COUNTY, SCOTT
HARRIS, D.D.A,

          Defendants.

No. 3:18-cv-00443-HZ

OPINION & ORDER

Justine Hamburg
10619 E. Burnside #54
Portland, Oregon 97216

    Plaintiff Pro Se

HERNANDEZ, District Judge:

    Pro se plaintiff Justine Hamburg brings this action against "D.H.S. E. County," Scott Harris "D.D.A," and possibly other Defendants. Plaintiff moves to proceed *in forma pauperis*. Because she has no appreciable income or assets, I grant the motion. However, for the reasons explained below, I dismiss the Complaint. Further, as explained below, I deny Plaintiff's motion

1 - OPINION & ORDER

for appointment of counsel.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal–

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in either law or in fact." *Neitzke*, 490 U.S. at 325.

## DISCUSSION

I. Parties

In filing her case, Plaintiff used a form designed for pro se litigants. Compl., ECF 2. In the caption of the Complaint, Plaintiff names "D.H.S. E. County"[1] and "Scott harris D.D.A." as Defendants. Compl. at p. 1. However, on the next page, she adds "David Udlock - D.HS." and "Mary Kane Child's lawyer" as Defendants. *Id.* at p. 2. In the part of the Complaint requiring her

---

[1] I understand this to be the state Department of Human Services, East County branch.

to name each individual Defendant and provide that Defendant's address and contact information, Plaintiff named only "D.H.S. E. County David Udlock D.H.S. worker" and "Scott Harris Deputy District Attorney" as Defendants. *Id.* at pp. 2-3. Although space is provided to include additional defendants, she did not.

The Complaint fails to make clear who Plaintiff is actually suing. For the purposes of this Opinion, I assume Plaintiff names the following Defendants: (1) the state Department of Human Services (DHS); (2) Deputy District Attorney Scott Harris; (3) DHS caseworker David Udlock; and (4) Mary Kane.

II. Claims

Plaintiff's claims are unclear. In asserting the basis for federal question jurisdiction, she cites to (1) First Amendment freedom of speech; (2) First Amendment freedom of religion; (3) the Sixth Amendment; and (4) due process. Compl. at p. 4. Her Sixth Amendment claim appears to implicate the right to be informed of the nature and cause of the accusation and the right to counsel. U.S. Const. amend. VI (guaranteeing in all criminal prosecutions the right "to be informed of the nature and cause of the accusation" and "to have the Assistance of Counsel"); Compl. at p. 4 (alleging the right to know complaint, the accusations, and the accusers, as well as not having a defense counsel who would try the case correctly).

Later, however, in the portion of the Complaint requiring her to state and explain her actual claim, as opposed to the section asserting the basis for jurisdiction, she alleges that Harris and "David Bullock" violated Oregon law when they removed her son in May 2010. Compl., Attch. A. Presumably, "David Bullock" is the same as "David Udlock" referred to earlier in the Complaint.

3 - OPINION & ORDER

Plaintiff provides no other details of who did what and when, other than referring to a reversal of some sort in 2016 after she regained custody of her son in 2014. *Id.* She provides no facts implicating any First Amendment speech or religion rights or violations and no facts supporting a Sixth Amendment or due process claim.

III. Dismissal for Failure to State a Claim And/Or Frivolous

Plaintiff's Complaint must be dismissed for several reasons. First, under Federal Rule of Civil Procedure 8, Plaintiff fails to adequately set forth her claim(s). "The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). This notice pleading system "requires a complaint to contain only (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Id.* (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, brackets, and internal quotation marks omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (internal quotation marks and citation omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" Id.

As described above, Plaintiff's allegations fall short of what Rule 8 requires. She fails to identify the named Defendants consistently and she asserts only bare conclusions in support of any of her claims. The Complaint contains insufficient factual matter to state a claim for relief which prevents the Court from concluding that any of the possible Defendants are liable for misconduct. Thus, the Complaint fails to state a claim under *Iqbal*.

Second, the Eleventh Amendment bars a citizen from bringing suit against a state, or state agency or department, in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995). Thus, any claims against the DHS are barred. The same Eleventh Amendment immunity that applies to a state "also shields state officials from official capacity suits." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). However, a plaintiff may seek "prospective declaratory or injunctive relief against state officers in their official capacities." *L.A. Cty. Bar Ass'n v. Eu,* 979 F.2d 697, 704 (9th Cir. 1992).

I assume for the purposes of this Opinion that Harris and Udlock are state actors. Udlock, as an alleged DHS caseworker, is presumably a state employee. Generally, Deputy District Attorneys in the State of Oregon are considered state, not county, actors. *Heidt v. City of McMinnville*, No. 3:15-cv-00989-SI, 2016 WL 7007501, at *13 (D. Or. Nov. 29, 2016) (noting that Ninth Circuit and district court cases "most often [have] characterized district attorneys in

Oregon as state actors, not county actors" and noting an exception for "narrow circumstances involving administrative functions relating to county staff"). I further assume that these Defendants are being sued in their official capacities. Thus, with these assumptions, any claim for damages against them is barred. Here, however, Plaintiff appears to limit her request to injunctive relief in the form of a court order requiring the return of her son to her custody. Compl. at p. 6. Thus, if the claims against Harris and Udlock are brought against them in their official capacities and seek only prospective, injunctive relief, the claims are not barred by the Eleventh Amendment.

Third, Plaintiff cites alleged federal constitutional violations as a basis for federal question jurisdiction, but in the section providing facts to support her claims, she alleges that Harris and Udlock violated Oregon law. Compl., Attch. A. The assertion of a sufficiently pleaded federal constitutional violation may provide a federal claim under 42 U.S.C. § 1983.[2] However, violations of *state* law do not provide a federal cause of action for purposes of federal question jurisdiction. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998) ("state law violations do not, on their own, give rise to liability under § 1983"); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370-71 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the *federal* Constitution and laws"). Thus, without more, the Complaint fails to sufficiently state a federal claim.

Fourth, Plaintiff's Complaint alleges that Defendants violated state law in 2010. Compl., Attch. A. The Complaint was filed March 12, 2018. A § 1983 claim in Oregon is subject to a

---

[2] Section 1983 supplies the cause of action for an alleged federal constitutional violation. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

two-year statute of limitations. *Larry v. City of The Dalles*, No. 09-cv-663-AC, 2009 WL 4894485, at *4 (D. Or. Dec. 16, 2009). Assuming Plaintiff knew or had reason to know of the harm forming the basis of her claim at the time, any conduct occurring in 2010 may not be the basis for a § 1983 claim.

Fifth, to the extent Plaintiff alleges the violation of a federal constitutional right under § 1983, she must assert that her rights were infringed "under color of" state law. 42 U.S.C. § 1983; *Todd v. Skrah*, No. 1:17-cv-00738-CL, 2017 WL 3429400, at *4 (D. Or. June 19, 2017) ("Section 1983 authorizes a remedy against state actors for constitutional violations, not against private citizens who are not acting under color of state law.") (citing *Cerrato v. S.F. Cmty. College Dist.*, 26 F.3d 968, 971 n. 5 (9th Cir. 1994); *Filarsky v. Delia*, 566 U.S. 377, 383 (2012)), *adopted in part and not adopted in part on other grounds*, 2017 WL 3429387 (D. Or. Aug. 8, 2017). Other than identifying Kane as "Child's lawyer," Plaintiff does not indicate if Kane was a privately retained attorney, a public defender, or a private attorney being paid by state funds. If she is a privately retained attorney, she is not a proper defendant in a § 1983 claim. *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff cannot sue "a lawyer in private practice who was not acting under color of state law."). If she is a public defender or legal aid lawyer, she is not acting "under color of state law" if she performed "a lawyer's traditional functions as counsel" such as to a defendant in a criminal proceeding. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Additionally, as *Todd* explained, a lawyer in private practice, employed to represent the state, its agencies, and its employees in prior proceedings against the plaintiff, was not acting under color of state law in doing so because "[e]xcept for the source of payment, the duties and

obligations would have been the same whether Warren was privately retained, appointed, or serving in a legal aid or defender program." *Todd*, 2017 WL 3429400, at *4 (brackets, ellipsis, and internal quotation marks omitted) (further explaining that "[i]n that traditional role, Warren was acting under the ethical standards of a lawyer-client relationship" and was "held to the same standards of competence and integrity as a private lawyer." (brackets and internal quotation marks omitted). I cannot discern the basis for any claim against Kane. Because the allegations are so deficient as to even state a claim, I cannot assess whether Plaintiff can amend to state a claim against Kane. It is clear the claim requires dismissal, but because it is unclear if dismissal should be with or without prejudice, I dismiss it without prejudice.

Fifth, claims against Harris may be subject to prosecutorial immunity. Prosecutors "'are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process.'" *Barnett v. Marquis*, 16 F. Supp. 3d 1218, 1222 (D. Or. 2014) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)), *aff'd*, 662 F. App'x 537 (9th Cir. 2016). However, when "'prosecutors perform administrative or investigative, rather than advocatory, functions they do not receive absolute immunity.'" *Id.* (quoting *Fletcher v. Kalina*, 93 F.3d 653, 655 (9th Cir.1996)). To the extent any allegations against Harris implicate conduct occurring during the "judicial phase of the criminal process," the claim is barred by prosecutorial immunity.

Finally, the Complaint alludes to a state custody proceeding involving plaintiff. Under *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, a federal court should abstain from hearing a case that would interfere with ongoing state proceedings. *Younger* dealt with ongoing state criminal proceedings, but the Supreme Court later extended the same abstention principle to

civil actions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.").

Here, a full examination of *Younger* abstention is not possible given the lack of detail regarding the exact nature of the proceedings. It is also possible the state proceedings are no longer ongoing. I raise the issue, however, because even if Plaintiff is able to plead a viable claim against any of the Defendants, it may be subject to dismissal based on abstention.

IV. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Viewing the allegations in the Complaint as true, and construing all inferences in Plaintiff's favor, I dismiss any claim against the state agency "D.H.S. E. County" with prejudice as barred by the Eleventh Amendment. Otherwise, however, I allow Plaintiff leave to amend her claims. In this Opinion, I have attempted to provide Plaintiff guidance in explaining the deficiencies of the current pleading. While some barriers remain to her ability to state a viable claim, without more facts I cannot discern if the remaining claims as currently pleaded are incapable of successful amendment.

V. Motion to Appoint Counsel

Plaintiff moves for a court-appointed attorney. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th

Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. United States Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331; *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) . However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F.2d at 1331; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, it is inappropriate to consider Plaintiff's request when the Court is dismissing the case. I deny the motion for appointment of counsel.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [1] is granted. Plaintiff's motion for appointment of counsel [3] is denied. Plaintiff's Complaint [2] is dismissed with prejudice as to Defendant "D.H.S. E. County" and without prejudice otherwise. Any amended complaint is due within fourteen (14) days of the date of this Opinion & Order. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this 2 day of April, 2018

*Marco Hernandez*
Marco A. Hernandez
United States District Judge