IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JUSTINE HAMBURG, | No. 3:18-cv-00443-HZ |
| Plaintiff, | |
| v. | |
| D.H.S. E. COUNTY, SCOTT HARRIS, D.D.A, | OPINION & ORDER |
| Defendants. | |

Justine Hamburg
10619 E. Burnside #54
Portland, Oregon 97216

    Plaintiff Pro Se

HERNANDEZ, District Judge:

    Pro se plaintiff Justine Hamburg filed this action in March 2018. In an April 2, 2018 Opinion, I granted her request to proceed *in forma pauperis*, dismissed her claims, and denied her motion for appointment of counsel. ECF 6. The dismissal as to any claims against "D.H.S. E. County," which I construed to be the state Department of Human Services, was with prejudice.

1 - OPINION & ORDER

Apr. 2, 2018 Op. at 5 (explaining that Eleventh Amendment immunity barred any claims against the state agency). The other claims, to the extent they could be discerned, were dismissed without prejudice. *Id.* at 11. Plaintiff was given leave to file an amended complaint within fourteen days. *Id.* She failed to do so. On April 30, 2018, twenty-eight days after the April 2, 2018 Opinion was filed, I dismissed the case because Plaintiff had failed to file an amended complaint. ECF 8. The case was terminated at that time.

On May 7, 2018, I received a letter from Plaintiff which I construed as a motion to reopen the case, a motion for extension of time to file an amended complaint, and a renewed motion to appoint counsel. ECF 9. So construed, I granted the motion to reopen and motion to extend time. *Id.* I denied the motion for appointment of counsel. *Id.* I allowed Plaintiff until June 8, 2018 to file an amended complaint. *Id.*

On June 11, 2018, Plaintiff filed an amended complaint. ECF 11. She again names the Department of Human Services (DHS) as a Defendant, despite any claims against it having already been dismissed with prejudice. She also names the same three individual Defendants she previously named and who are discussed in the April 2, 2018 Opinion. *See* Am. Compl. at p. 2-3 (naming DHS Case Manager David Udlock, Deputy District Attorney Scott Harris, and Mary Cain "child's lawyer."); *see also* Apr. 2, 2018 Op. at 2-3 (construing original Complaint as naming these three individuals along with DHS).

In the April 2, 2018 Opinion, I explained that the claims were unclear. Without repeating that discussion here, I noted that Plaintiff appeared to raise freedom of speech and religion claims under the First Amendment, a Sixth Amendment claim, and a due process claim. *Id.* at 3. However, to the extent the claims could be discerned, they could not survive for several reasons:

(1) they failed to comply with Federal Rule of Civil Procedure 8 because she asserted conclusions and did not assert sufficient factual matter to state a claim for relief: (2) her federal constitutional claims appeared to be time-barred; (3) it was unclear if her claims were based on a violation of state law rather than federal constitutional law; (4) allegations against Cain (which was spelled "Kane" in the original Complaint), failed to indicate that she acted under color of state law; (5) the claim against Harris raised issues of prosecutorial immunity; and (6) the Complaint alluded to a state custody proceeding involving Plaintiff which raised abstention issues. *Id.* at 3-9.

The Amended Complaint fails to cure these defects. Plaintiff attaches a two-page handwritten narrative to the form Amended Complaint. There, although it is not entirely clear, she appears to assert that as part of a termination of parental rights proceeding, Udlock "illegally obtained & harbored information about how they came up with a story about" Plaintiff's mental health. Am. Compl. attachmt. at 1. The assertions are hard to follow but she refers to a meth cook coming to trial and calling her crazy for talking to her son about the Bible in "Romas." *Id.* She indicates that her freedom of speech was violated because she tried to complain about "the injustices" which were occurring but "they" said she was having a crisis. *Id.* at 2. "They" made her feel so fearful and oppressed that she could not speak. *Id.*

Plaintiff's allegations fail to state a claim. They fail to name any Defendant other than Udlock. They fail to identify what role he played in what proceeding or when. They fail to address the pleading defects thoroughly discussed in the April 2, 2018 Opinion. As a result, the Amended Complaint is properly dismissed under 28 U.S.C. § 1915 for failure to state a claim.

I previously gave Plaintiff leave to amend which she initially failed to do. I then reopened the case at her request and gave her an additional month in which to file an amended complaint. Yet, she failed to follow specific instructions on how to amend her complaint and her current attempt to state a claim suffers from the same or similar defects as the original Complaint. Under these circumstances, it is appropriate to deny her any further opportunity to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (district court did not abuse discretion in denying leave to amend when the plaintiffs had "ample opportunity to properly plead a case and have failed to do so" and the plaintiffs previously failed to follow specific instructions from the court on how to amend the complaint).

CONCLUSION

The Amended Complaint [11] is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 6 day of July, 2018

Marco A. Hernandez
United States District Judge